Lorraine JEROME, Casey Marlin, James Pesek, Thelma Lueoma, Michael Skerbinc, Vel Thomas, Devone Schintgen, Connie Johnson, Eleanor Homsey, Dorothy Haddon, Eva Narveson, Thomas Fetty, Appellants,

v.

SMITHKLINE BECKMAN CORPORATION, Philip J. Tannenbaum, Theodore Selby, A, B, C, individually, X, Y, Z, as business entities, Appellees.

No. 87–5302.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 26, 1988.

Decided March 21, 1988.

Charles H. Johnson, New Brighton, Minn., and John A. Cochrane, St. Paul, Minn., for appellants.

G. Alan Cunningham, Minneapolis, Minn., for appellees.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

Appellant, Lorraine Jerome, and eleven other appellants appeal from an order of the district court[1] dismissing one count of their seven count complaint and the claims of four of the twelve appellants for improper venue. SmithKline Beckman Corporation (SmithKline) has filed a motion to dismiss this appeal because the order is not a final decision within the meaning of 28 U.S.C. § 1291. Appellants counter that this appeal is proper under the collateral order exception to the final judgment rule. For the reasons discussed below, we dismiss the appeal as premature.

Appellants sued SmithKline seeking damages for injuries caused by their use of SmithKline's product, the drug Selacryn. Appellants alleged negligence, strict liability, breach of express and implied warranties, fraud, violation of the Minnesota Consumer Protect Act, M.S.A. § 325F.69, violations of the Federal Food Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, and violation of the Racketeer Influenced and Corrupt Organizations (RICO) provisions, 18 U.S.C. § 1961, *et seq.*

The district court granted SmithKline's motion to dismiss four appellants and their corresponding causes of action for improper venue. The court also dismissed the RICO claim. The district court did not certify the matter for immediate appeal.

After appellants filed their notice of appeal, SmithKline moved to dismiss the appeal for lack of jurisdiction.

Appellants admit that the same operative facts form the basis for liability in all the claims. They argue, however, that this appeal is proper under the collateral order exception to the final judgment rule because: (1) delaying an appeal until all claims have been litigated will be costly, (2) the RICO claim has a separate jurisdictional basis and is separable from and collateral to the other claims, and (3) the request for treble damages for the claimed RICO violation is separable from and collateral to the main action.

Generally, only final judgments are appealable. 28 U.S.C. § 1291. The district court order dismissing the RICO claim and the claims of four of the twelve appellants was not a final judgment. An order, although not a final judgment as to the merits of all claims of all parties, may nonetheless be reviewable under the collateral order exception to the final judgment rule. To fall within the exception, the appealed from order must (1) conclusively determine a disputed question, (2) resolve an important issue completely separable from and collateral to the merits, and (3) be effectively unreviewable on appeal. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); *United States v. Archer–Daniels–Midland Co.*, 785 F.2d 206, 210 (8th Cir. 1986).

Even if the court were to find that appellants had established the first two requirements of the collateral order exception, appellants have failed to establish the unreviewability requirement. The expense of postponed litigation alone is not sufficient reason for granting an exception to the final judgment rule. *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 436, 105 S.Ct. 2757, 2764, 86 L.Ed.2d 340 (1985). Moreover, mandamus is available should the dismissed appellants wish to contest the district court's decision on venue. Ac-

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

cordingly, we dismiss the appeal as premature.