43 F.3d 1203
 8 A.D.D. 201, 6 NDLR P 181
 McKinley LUE, Plaintiff-Appellee,
v.
Dick MOORE; Teresa Thornburg; Jerry Hudson, Defendants-Appellants,
Sue Labuary; William O'Brien; J.J. Shaw; Milton Rucker;
Robin Webb; Christine Eaves; Bill Wirtel;
Forest Wright; James Rhorer, Defendants,
Michael Kemna; Ellis McSwain, Defendants-Appellants,
Dr. Bonner, Defendant.
McKinley LUE, Plaintiff-Appellant,
v.
Dick MOORE; Teresa Thornburg; Jerry Hudson; Sue Labuary;
William O'Brien; J.J. Shaw; Milton Rucker; Robin Webb;
Christine Eaves; Bill Wirtel; Forest Wright; James
Rhorer; Michael Kemna; Ellis McSwain, Defendants,
Dr. Bonner, Defendant-Appellee.
 Nos. 93-1756, 93-4028.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 16, 1994.
Decided Dec. 29, 1994.
 
 Michael Pritchett, argued, Jefferson City, MO, for appellant.
 Mary Schroeder, argued, St. Louis, MO, for appellee.
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 McKinley Lue is a blind Missouri inmate who has been incarcerated at the Moberly Correctional Center (MCC) and the Western Missouri Correctional Center (WMCC). Dissatisfied with his housing placement at MCC, his medical treatment at WMCC, and the lack of vocational training for blind inmates at both prisons, Lue filed three claims against various prison officials and employees. Lue brought two of his claims under 42 U.S.C. Sec. 1983, asserting Eighth Amendment violations. Specifically, Lue claimed all the defendants provided him with inappropriate housing and a WMCC doctor was deliberately indifferent to Lue's serious medical needs. Lue brought his third claim under section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 794(a) (Supp. V 1993), asserting all the defendants denied him equal access to vocational training programs because of his blindness.
 
 
 2
 The defendants moved for summary judgment on Lue's claims based on the merits and qualified immunity. On the housing conditions claim, the district court granted summary judgment in favor of all the defendants. The district court denied summary judgment to the defendant doctor on the medical treatment claim, and the claim proceeded to trial. The jury found in favor of the doctor and the district court entered judgment on the verdict. On the Rehabilitation Act claim, the district court granted summary judgment to all the defendants except five prison officials: Dick Moore, Michael Kemna, Ellis McSwain, Teresa Thornburg, and Jerry Hudson. The court then stayed proceedings on the Rehabilitation Act claim, and the five defendants who were denied summary judgment now appeal that ruling. Lue cross-appeals the grant of summary judgment to the defendants on Lue's housing conditions claim and the adverse judgment on his medical treatment claim. We reverse on the appeal and dismiss the cross-appeal for lack of jurisdiction.
 
 
 3
 We first consider the appeal by defendants Moore, Kemna, McSwain, Thornburg, and Hudson challenging the district court's refusal to grant them summary judgment on Lue's Rehabilitation Act claim. Because the Rehabilitation Act claim is still pending against these five defendants in the district court, there is no final judgment disposing of all the claims against all the parties in this case. See Jerome v. SmithKline Beckman Corp., 842 F.2d 208, 209 (8th Cir.1988). Nevertheless, we have jurisdiction to hear the appeal because it challenges the partial denial of a summary judgment motion based on qualified immunity. See Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985); Kelly v. Bender, 23 F.3d 1328, 1329-30 (8th Cir.1994).
 
 
 4
 Both Lue and the defendants bringing this appeal assume it was proper for Lue to bring his handicap discrimination claim under the Rehabilitation Act, and the parties further assume qualified immunity is an available defense in such a lawsuit. We agree that Lue can bring his claim for damages and affirmative relief under the Act. See Rodgers v. Magnet Cove Pub. Schs., 34 F.3d 642, 643-44 (8th Cir.1994) (Rehabilitation Act provides private right of action allowing individuals to sue for damages and equitable relief). We also conclude qualified immunity is available in Rehabilitation Act actions seeking damages from public officials. The Act does not expressly mention the defense, and neither the Supreme Court nor this circuit has addressed whether there is an implied qualified immunity defense in the Act. Four other courts of appeals, however, have applied the qualified immunity defense in lawsuits filed under the Rehabilitation Act. See McGregor v. Louisiana State Univ. Bd. of Supervisors, 3 F.3d 850, 862, 863 n. 20 (5th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994); Doe v. Attorney General, 941 F.2d 780, 797-99 (9th Cir.1991); Lussier v. Dugger, 904 F.2d 661, 663-64, 670 n. 10 (11th Cir.1990); P.C. v. McLaughlin, 913 F.2d 1033, 1041-42 (2d Cir.1990). We think this result is sensible. The broad language of Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), suggests qualified immunity should normally be available in civil damages lawsuits unless Congress has stated otherwise: "[Public officials] generally are shielded from liability for civil damages [if] their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818, 102 S.Ct. at 2738. In actions under the Rehabilitation Act, the public policy goal underlying qualified immunity--protecting officials from the chilling and distracting effects of litigation--is an important concern. See id. at 814, 102 S.Ct. at 2736 (discussing policy reasons for qualified immunity defense).
 
 
 5
 Qualified immunity shields the defendants from liability unless they violated Lue's clearly established rights under the Act and reasonably should have known they were doing so. See id. at 818, 102 S.Ct. at 2738. Lue contends the defendants violated the Act by failing to accommodate him in existing vocational training programs, create a new program for him, or send him to a vocational course off prison grounds. After reviewing the record in the light most favorable to Lue, we conclude the conduct Lue is complaining about does not violate the Act. First, the Act did not require the defendants to accommodate Lue in existing prison vocational programs because Lue never requested to participate in an existing class. See Wood v. President of Spring Hill College, 978 F.2d 1214, 1222 (11th Cir.1992) (whether college provided reasonable accommodations not an issue because plaintiff never requested accommodations). Lue expressed his interest in vocational training to an MCC employee and a WMCC caseworker, but when they told Lue the prison's vocational programs were not suitable for a blind inmate, Lue neither applied for the existing programs nor requested that the defendant prison officials make accommodations for him. Second, the Rehabilitation Act does not require the invention of new programs designed for handicapped individuals. See McLaughlin, 913 F.2d at 1041 (Rehabilitation Act does not require that programs meet handicapped people's particular needs, just that handicapped people not be denied equal access); see also Traynor v. Turnage, 485 U.S. 535, 548, 108 S.Ct. 1372, 1381-82, 99 L.Ed.2d 618 (1988) (purpose of Act is to ensure handicapped people receive evenhanded treatment in relation to nonhandicapped people). Finally, Lue's argument that the defendants should have sent him off prison grounds for training fails because the Act does not require the defendants to give handicapped inmates preferential treatment. See Brennan v. Stewart, 834 F.2d 1248, 1259-60 (5th Cir.1988). In sum, the defendants' conduct that Lue points to as handicap discrimination does not amount to a violation of Lue's rights under the Act. Lue thus has not raised a genuine issue of material fact about whether the defendants violated his clearly established rights, and the defendants are entitled to summary judgment on the grounds of qualified immunity.
 
 
 6
 We now turn to Lue's cross-appeal, which challenges the adverse grant of summary judgment on Lue's housing conditions claim and the judgment in favor of the defendant doctor on Lue's medical treatment claim. Because there is not yet a final judgment on the merits of the entire case, we lack jurisdiction to consider Lue's cross-appeal. The qualified immunity exception that allowed us to address the defendants' interlocutory appeal does not permit us to hear Lue's unrelated cross-appeal at this time. See Weaver v. Brenner, 40 F.3d 527, 537-38 (2d Cir.1994) (when hearing interlocutory appeal of qualified immunity claim, court may consider cross-appeal only if it is closely related to qualified immunity issue); Bisbee v. Bey, 39 F.3d 1096, 1102-03 (10th Cir.1994) (same).
 
 
 7
 Accordingly, we reverse the district court's denial of summary judgment to defendants Moore, Kemna, McSwain, Thornburg, and Hudson on the Rehabilitation Act claim, and we remand for the district court to enter summary judgment in favor of these defendants. We dismiss Lue's cross-appeal for lack of jurisdiction.