_____

No. 95-2002
_____

Kristan Standish,                        *
                                         *
          Appellant,                     *
                                         *
     v.                                  *
                                         * Appeal from the United States
Gerald Bommel; Dave Dobson;              * District Court for the
Michael Groose; Barbara                  * Western District of Missouri.
Schriro; George Lombardi; Elmer          *
Wankum; Earl Halderman; Vernon           *         [PUBLISHED]
Taylor,                                  *
                                         *
          Appellees.                     *
                                   _____

               Submitted:  February 21, 1996

                   Filed:  April 19, 1996
                                   _____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                                   _____

PER CURIAM.

     Kristan Standish, a former inmate at the Jefferson City Correctional
Center (JCCC), filed this 42 U.S.C. § 1983 action alleging that defendant
prison officials violated his Eighth Amendment rights by subjecting him to
unconstitutional conditions of confinement.  Standish appeals the district
court's[1] grant of summary judgment in favor of defendants.  We affirm.

---

[1]The HONORABLE SCOTT O. WRIGHT, United States District Judge
for the Western District of Missouri, adopting the report and
recommendation of the HONORABLE WILLIAM A. KNOX, United States
Magistrate Judge for the Western District of Missouri.

Highlighting on appeal an issue he did not emphasize in the district court, Standish argues that the district court erred in granting summary judgment on his claim that defendants were deliberately indifferent to the risk of fire in JCCC Housing Unit 5C ("HU 5C") because HU 5C had no smoke detectors or water sprinklers, was inadequately ventilated, and lacked sufficient emergency procedures. We have held that the Eighth Amendment deliberate indifference standard of Wilson v. Seiter, 501 U.S. 294, 302-03 (1991), applies to "safety conditions in the prison work place." Warren v. Missouri, 995 F.2d 130, 131 (8th Cir. 1993). We likewise conclude that it applies to prison conditions affecting fire safety. However, not all unsafe conditions are cruel and unusual punishment under the Eighth Amendment. First, to violate the Eighth Amendment, a condition must "involve the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). That is, in this context, it must be an objectively serious safety risk to the plaintiff inmate. Second, the condition, or the risk it creates, must be the product of defendants' deliberate indifference; mere negligence does not violate the Eighth Amendment. See Wilson, 501 U.S. at 305.

After careful review of the record, we conclude that Standish failed to make a sufficient showing that defendants were deliberately indifferent to serious risks of fire safety to withstand defendants' motion for summary judgment. The evidence showed that the only recent fires started when inmates set fire to mattresses or bedding; that neither Standish nor anyone else had been injured by smoke inhalation or fire; and that prison officials had taken action to deal with fire hazards, for example, by prohibiting smoking in HU 5C. Thus, Standish's allegations did not rise above mere negligence.

The district court also properly granted summary judgment on the other claim Standish presses on appeal, that HU 5C leaked in bad weather, forcing him to move his mattress to the floor to stay

dry.  See Rhodes, 452 U.S. at 349 (Constitution does not mandate comfortable prisons).  In addition, the district court did not abuse its discretion in refusing to appoint counsel, see Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 504 U.S. 930 (1992), and did not err in denying Standish's motions for sanctions.  Cf. Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 280 (8th Cir.) (district court has great latitude regarding imposition of sanctions), cert. denied, 116 S. Ct. 84 (1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.