————————————

No. 95-3617EM

————————————

McKinley Lue,                          *
                                       *
          Appellant,                   *
                                       *
     v.                                *
                                       *    Appeal from the United States
Dick Moore; Teresa Thornburg;          *    District Court for the Eastern
Jerry Hudson; Sue Labuary;             *    District of Missouri.
William O'Brien; J. J. Shaw;           *
Milton Rucker;   Robin Webb;           *    [UNPUBLISHED]
Christine Eaves; Bill Wirtel;          *
Forest Wright; James Rhorer;           *
Michael Kemna; Ellis McSwain;          *
Dr. Bonner,                            *
                                       *
          Appellees.                   *

                                  ————————————

                        Submitted:  April 8, 1996

                          Filed:  May 6, 1996
                                  ————————————

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
                                  ————————————


PER CURIAM.


     McKinley Lue, a blind Missouri inmate, brought this action against
a number of prison officials and employees.  In addition to a
Rehabilitation Act claim we disposed of in an earlier appeal, see Lue v.
Moore, 43 F.3d 1203 (8th Cir. 1994), Lue raised two Eighth Amendment
claims.  Lue alleged prison personnel failed to provide Lue with housing
that was safe and appropriate for a blind inmate, and a prison doctor was
deliberately indifferent to Lue's serious medical needs.  The defendants
prevailed on the Eighth Amendment claims, and Lue appeals.  We affirm.


     The district court granted summary judgment for the prison

personnel on Lue's housing conditions claim, and Lue contends summary judgment was inappropriate because he raised genuine issues of material fact. We disagree. Viewing the facts in the light most favorable to Lue, the record shows the prison personnel took reasonable steps to provide safe and appropriate housing for Lue, as a matter of law. See Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994). Lue simply disagrees with his housing arrangements, and that is not enough to show an Eighth Amendment violation. See Standish v. Bommel, No. 95-2002, 1996 WL 185490, at *1 (8th Cir. Apr. 19, 1996) (per curiam); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).

As for Lue's deliberate indifference claim, the district court conducted a jury trial on the claim and the jury found in favor of the doctor. The district court entered judgment on the verdict and denied Lue's new trial motion. Lue contends he is entitled to a new trial because defense counsel unlawfully used peremptory strikes to exclude women from the jury, see J.E.B. v. Alabama ex rel. T.B., 114 S. Ct. 1419, 1422 (1994), and because the district court improperly excluded evidence about a pretrial order granting Lue a preliminary injunction against the doctor. We reject both contentions.

First, assuming Lue has standing to challenge the exclusion of women from the jury, Lue must show intentional gender discrimination to establish that defense counsel's peremptory strikes were unlawful. Id. at 1429-30. At a pretrial hearing, defense counsel asserted gender-neutral reasons for striking five women from the venire panel. See id. at 1430. Lue contends the asserted reasons are pretextual because defense counsel chose not to strike several men with similar characteristics, but the record reveals sufficient differences between the women removed and the men retained to support the district court's finding of no discrimination. See McKeel v. City of Pine Bluff, 73 F.3d 207, 210 (8th Cir. 1996).

Second, the district court did not abuse its discretion by excluding evidence about the pretrial order granting Lue a preliminary injunction. The pretrial order required the prison doctor to follow a particular course of treatment for Lue, and Lue contends the doctor's failure to comply shows the doctor was deliberately indifferent to Lue's serious medical needs. Considering that Lue was able to present other evidence of deliberate indifference, the district court properly concluded evidence about the pretrial order would have been unduly prejudicial to the defense. See Fed. R. Evid. 403. The order criticized the doctor's actions and stated Lue was likely to prevail on his deliberate indifference claim. The order also might have confused the jury about the standard of medical care required by the Constitution. Id. Contrary to Lue's contention, defense counsel's direct examination of the doctor at trial did not mislead the jury about the order's existence and did not open the door to cross-examination about the order. Lue was not permitted to open the door by his own questioning of the doctor. Bonilla v. Yamaha Motors Corp., 955 F.2d 150, 154-55 (1st Cir. 1992).

Having rejected Lue's claims of trial error, we see no reason to grant Lue a new trial on his deliberate indifference claim. Because we also conclude the district court properly granted summary judgment to the prison personnel on Lue's housing conditions claim, we affirm.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-