David G. KEY, Plaintiff,

v.

Henry GRAYSON, Warden, Trusty Division, Jackson Prison; Gary Gabry, Chairperson, Michigan Parole Board; and Kenneth McGinnis, Director, Michigan Department of Correction, Defendants.

Civil Action No. 96–40166.

United States District Court,
E.D. Michigan,
Southern Division.

March 19, 1998.

Daniel E. Manville, Ann Arbor, MI, for Plaintiff.

John L. Thurber, Office of the Attorney General, Lansing, MI, for Defendant.

### MEMORANDUM OPINION AND ORDER REJECTING IN PART AND ACCEPTING IN PART THE MAGISTRATE JUDGE'S NOVEMBER 10, 1997 REPORT AND RECOMMENDATION

GADOLA, District Judge.

Before the court is a November 10, 1997 report and recommendation in which the magistrate judge recommended that this court grant defendants' August 29, 1997 motion for summary judgment, and deny defendants' September 3, 1997 motion to dismiss. This court, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b), and L.R. 72.1(d)(2) (E.D.Mich. Jan. 1, 1992), has reviewed the November 10, 1997 report and recommendation and the objections timely filed to that report. After conducting a *de novo* review, this court will reject in part and accept in part the magistrate judge's report and recommendation for the reasons set forth below.

**Factual Background**

Plaintiff, David Key, is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). At all times relevant to this action, plaintiff was incarcerated at the State Prison of Southern Michigan in Jackson, Michigan. Plaintiff alleges that defendants have engaged in discrimination against him on the basis of his hearing disability. Accordingly, plaintiff filed a complaint in this court on April 10, 1996, seeking injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794.

On August 22, 1997,[1] plaintiff amended his complaint to include a claim for money damages under the ADA and the Rehabilitation Act, as well as a state law claim under the Michigan Handicappers Civil Rights Act ("MHCRA"), Mich. Comp. Laws § 37.1101, *et seq.* On August 29, 1997, defendants filed a motion for summary judgment on the claim for money damages. On September 3, 1997, defendants filed a motion to dismiss, urging this court not to exercise supplemental jurisdiction over plaintiff's state law claim.

On November 10, 1997, Magistrate Judge Scheer issued a report and recommendation in which he advised this court to grant defendants' August 29, 1997 motion for summary judgment on the plaintiff's claim for monetary damages because the defendants are entitled to claim qualified immunity. The report also recommended that this court deny defendants' September 3, 1997 motion to dismiss and exercise supplemental jurisdiction over plaintiff's state law claim under the MHCRA.

---

1. Plaintiff's amended complaint was not officially docketed until September 9, 1997.

## Discussion

1. **Defendants' August 29, 1997 motion for summary judgment on the basis of qualified immunity.**

   a. **Motion for summary judgment pursuant to Rule 56**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration*, 14 F.3d 1143, 1148 (6th Cir.1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland*, 988 F.2d 649 (6th Cir. 1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991).

   b. **Analysis**

■ Government officials who perform discretionary functions are entitled to qualified immunity from civil suits for damages arising out of the performance of their official duties as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *See Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). A claim of qualified immunity depends on whether the defendant's conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. *Id.* 483 U.S. at 638–40; *Harlow*

v. *Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

■ To defeat a motion for summary judgment based on a claim of qualified immunity in the Sixth Circuit, a plaintiff must establish two things. First, the allegations must state a claim of the violation of clearly established law. In determining whether a statutory or constitutional right is clearly established at the time of the actions in question, this court must first look to the decisions of the Supreme Court, then to the decisions of the Sixth Circuit and other courts of this circuit, and finally to the decisions of other circuits. *See Dickerson v. McClellan,* 101 F.3d 1151, 1158 (6th Cir. 1996); *Buckner v. Kilgore,* 36 F.3d 536, 539 (6th Cir.1994). A law is clearly established if "the contours of the right are sufficiently clear such that a reasonable official would understand that what he is doing violates that right." *Russo v. City of Cincinnati, 953 F.2d 1036,* 1042 (6th Cir.1992). As held by the Sixth Circuit, "[a]lthough it need not be the case that 'the very action in question has previously been held unlawful, . . . in the light of pre-existing law the unlawfulness must be apparent.'" *Id.* (quoting *Anderson,* 483 U.S. at 640).

■ Second, the plaintiff must present evidence sufficient to create a genuine issue of material fact as to whether the defendant in fact committed the acts that violated the law. *See Adams v. Metiva,* 31 F.3d 375, 386 (6th Cir.1994). Summary judgment is inappropriate "if there is a genuine factual dispute relating to whether the defendants committed the acts that allegedly violated clearly established rights." *Dickerson,* 101 F.3d at 1158 (citing *Buckner,* 36 F.3d at 540).

■ On April 4, 1997, this court adopted the February 24, 1997 recommendation of the magistrate judge and held that the ADA and Rehabilitation Act apply to state prisons. This court also agrees with the magistrate judge that plaintiff has stated a claim under both the ADA and the Rehabilitation Act. The more difficult question is whether plain-

tiff's rights under the ADA and the Rehabilitation Act were "clearly established" at the time the alleged violations took place.[2] The magistrate judge found that those rights were not clearly established, and thus recommended that this court grant defendants' motion for summary judgment with respect to the claims for money damages on the basis of qualified immunity.

At the outset, this court notes that the plain language of both the ADA and the Rehabilitation Act indicate strongly that the statutes apply to prisons. As the magistrate judge noted in his February 24, 1997 report and recommendation, the Rehabilitation Act applies to "*any* program receiving Federal financial assistance" (29 U.S.C. § 794 (emphasis added)), and the ADA applies to "*any* [public] entity" (42 U.S.C. § 12131(1)(B)(emphasis added)). As the court found in *Niece v. Fitzner,* 941 F.Supp. 1497, 1506 (E.D.Mich. 1996)("*Niece (II)*"), the MDOC is clearly both a program receiving federal assistance and a public entity. Accordingly, the plain language of the statutes indicates that they apply to the MDOC.

Moreover, the regulations promulgated under the two statutes explicitly make reference to correctional facilities. *See* 28 C.F.R. § 42.540(h)(1995)(interpreting the Rehabilitation Act as applying to "the operations of the agency or organizational unit of government receiving or substantially benefiting from the Federal financial assistance awarded, e.g. a . . . department of corrections"); 28 C.F.R. § 35.130(b)(6)(1995)(interpreting the ADA to apply to "[a]ll programs, services, and regulatory activities relating to law enforcement, public safety, and the administration of justice, including . . . correctional institutions").

Hence, the statutes and regulations themselves make plain that the ADA and Rehabilitation Act apply to prisons. The court in *Kaufman v. Carter,* 952 F.Supp. 520, 532 (W.D.Mich.1996), concluded that the plain language of the statutes and regulations was sufficient to preclude a claim of qualified

**2.** As the magistrate judge pointed out, the complaint does not make clear exactly when the events complained of actually took place. However, because the plaintiff filed his complaint in

August of 1996, this court will assume that the law must have been clearly established prior to 1996 for the plaintiff to overcome defendants' claims of qualified immunity.

immunity. An analysis of the reported decisions under both the Rehabilitation Act and the ADA provides further support for the conclusion that it was clearly established at the time of the alleged misconduct in this case that the Rehabilitation Act and the ADA apply to prisons.

In determining that it was not clearly established that the ADA and the Rehabilitation Act apply to prisons, the magistrate judge relied heavily on the fact that neither the United States Supreme Court nor the Sixth Circuit had published a decision, prior to 1996, explicitly declaring that either the ADA or the Rehabilitation Act applies to state prisons. In discussing the Rehabilitation Act, the magistrate judge indicated:

> Although at the time the events occurred, the overwhelming weight of authority outside this circuit held that the [Rehabilitation] Act did apply to state prisons, not a single case from this Circuit had addressed the issue. Therefore, I cannot conclude that it was clearly established that the [Rehabilitation] Act applied to prisons.

(November 10, 1997 Rep. and Rec. at 7.) This court rejects the notion that, in order for a proposition of law to be "clearly established" in this district, it must be handed down by the Supreme Court or the Sixth Circuit. When deciding an issue of qualified immunity, a court must take into account all relevant precedent and balance its weight. As the Supreme Court noted, though courts may be legitimately concerned:

> that disparate decisions in various Circuits might leave the law insufficiently certain ..., such a circumstance may be taken into account in deciding whether the warning is fair enough, without any need for a categorical rule that decisions of the Courts of Appeals and other courts are inadequate as a matter of law to provide it.

United States v. Lanier, 520 U.S. 259, ——— ———, 117 S.Ct. 1219, 1226–27, 137 L.Ed.2d 432 (1997). This court is persuaded that the balance of considerations, including the language of the respective statutes, the regulations promulgated under them and the case law from the various circuits, indicates that it was clearly established prior to 1996 that the ADA and the Rehabilitation Act apply to state prisons.

As the magistrate judge pointed out in the November 10, 1997 report and recommendation, the majority of courts that addressed the issue in reported decisions prior to 1996 determined that the Rehabilitation Act applies to prisons. See Lue v. Moore, 43 F.3d 1203 (8th Cir.1994); Harris v. Thigpen, 941 F.2d 1495 (11th Cir.1991); Bonner v. Lewis, 857 F.2d 559 (9th Cir.1988); Journey v. Vitek, 685 F.2d 239 (8th Cir.1982); Clarkson v. Coughlin, 898 F.Supp. 1019 (S.D.N.Y.1995); Austin v. Pennsylvania Dep't of Corrections, 876 F.Supp. 1437 (E.D.Pa.1995); Harrelson v. Elmore County, 859 F.Supp. 1465 (M.D.Ala.1994); Sites v. McKenzie, 423 F.Supp. 1190 (N.D.W.Va.1976). The magistrate judge noted that only two cases decided prior to 1996 had even intimated that the Rehabilitation Act does not apply to prisons. In the first, Williams v. Meese, 926 F.2d 994 (10th Cir.1991), the court simply concluded that the Rehabilitation Act does not apply to federal prisons, but did not offer any analysis to support that conclusion. The precedential value of the Williams decision is suspect given that the majority of the cases in which courts have held that the Rehabilitation Act does apply to prisons were decided after Williams. The second case, Torcasio v. Murray, 57 F.3d 1340 (4th Cir.1995), did set out the Fourth Circuit's inclination that the Rehabilitation Act likely does not apply to prisons. However, the holding of the court was limited to the proposition that it was not clearly established prior to 1994 that the Rehabilitation Act applied to prisons.[3] In

**3.** This court notes that the Fourth Circuit recently resoundingly approved of the reasoning in *Torcasio,* and explicitly held that the ADA and Rehabilitation Act do not apply to prisons. *Amos v. Maryland Dep't of Public Safety and Correctional Services,* 126 F.3d 589 (4th Cir.1997). However, the *Amos* decision, which was handed down in 1997, has no bearing on whether it was clearly established before 1996 that the ADA and Rehabilitation Act apply to prisons in this jurisdiction. Moreover, in this case, this court has adopted the February 24, 1997 report and recommendation of the magistrate judge which explicitly and thoroughly rejects the reasoning of the *Torcasio* court. This court's position comports with the position taken by the Third, Seventh and Ninth Circuits, as well as the position taken by another district judge from this district. *See Yeskey v.*

the time between 1994 and 1996, precisely when the alleged misconduct in this case took place, *Torcasio* was the only case in which a court even hinted that the Rehabilitation Act may not apply to prisons. Given that landscape, this court finds that it was clearly established in this jurisdiction at the time the alleged misconduct took place in this case that the Rehabilitation Act applies to state prisons.

In discussing the ADA, the magistrate judge cited a number of cases that were decided subsequent to the alleged misconduct in this case. The magistrate judge's argument appears to be that if courts do not currently uniformly agree that the ADA applies to prisons, then such a proposition could not have been clearly established at the time the alleged misconduct took place in this case. This court rejects the magistrate judge's argument under the circumstances of this case. Even if this court were to consider the cases decided after 1995 as bearing on the issue of what was clearly established at the relevant times in this case, the cases cited by the magistrate judge do not support a finding that it was not clearly established in this jurisdiction that the ADA and the Rehabilitation Act apply to state prisons.

First, in *White v. Colorado*, 82 F.3d 364 (10th Cir.1996), the court merely reiterated the bald claim set forth in *Williams* that the ADA does not apply to prisons. There is no analysis to support that conclusion, and given that the majority of other courts have reached a contrary conclusion, this court is persuaded that such a decision does not prevent a prisoner's rights under the ADA from being clearly established in this jurisdiction. Second, *Pierce v. King*, 918 F.Supp. 932 (E.D.N.C.1996), is wholly inapposite to the instant case. As the magistrate judge himself pointed out in his February 24, 1997 report and recommendation, and as held by the court in *Niece (II)*, *Pierce* dealt with a prisoner claiming discrimination in relation to his prison employment. Such a claim falls under Title I of the ADA, and as both the magistrate judge and the court in *Niece (II)*

have noted, it is doubtful that a prisoner would qualify as an "employee" for the purposes of assessing liability for discrimination under Title I of the ADA. However, the instant case is brought pursuant to Title II of the ADA, and has nothing at all to do with employment. As a result, "*Pierce* has little, if anything, to contribute to the resolution of this case." *Niece (II)*, 941 F.Supp. at 1509. Third, though the court in *Little v. Lycoming County*, 912 F.Supp. 809 (M.D.Pa.1996), did hold that the ADA did not apply to prisons, that decision was effectively overruled by the Third Circuit's decision in *Yeskey*, which definitively held that the ADA in fact does apply to prisons. Finally, *Boblett v. Angelone*, 957 F.Supp. 808 (W.D.Va.1997), is a district court decision from the Fourth Circuit which merely relies on the reasoning of the Fourth Circuit in *Torcasio*.

Despite the holding in these cases, the majority of courts to consider the issue, both before and after the time of the alleged misconduct in this case, have either explicitly or implicitly held that the ADA applies to prisons. (*See* November 10, 1997 Rep. and Rec. at 14, and cases cited.) Moreover, as discussed above, the great weight of authority has held that the Rehabilitation Act applies to prisons, and the ADA expressly incorporates the case law developed under the Rehabilitation Act. *See* 42 U.S.C. § 12201(a); *Niece (II)*, 941 F.Supp. at 1506, n. 6. Considering these factors, combined with the fact that the plain language of the statutes and the regulations clearly indicates that the ADA applies to prisons, this court is persuaded that it was clearly established at the time of the alleged misconduct in this case that the ADA does apply to state prisons.

Therefore, for the reasons set forth above, this court finds that defendants are not entitled to claim qualified immunity with respect to plaintiff's claims for money damages. As a result, this court will reject the recommendation of the magistrate judge, and deny defendants' August 29, 1997 motion for summary judgment.

*Commonwealth of Pa. Dep't of Corrections*, 118 F.3d 168 (3rd Cir.1997); *Crawford v. Indiana Dep't of Corrections*, 115 F.3d 481 (7th Cir.1997);

· *Bonner*, 857 F.2d at 562; *Niece(II)*, 941 F.Supp. at 1507–09.

## 2. Defendants' September 3, 1997 motion to dismiss plaintiff's state law claim brought pursuant to the MHCRA

The November 10, 1997 report and recommendation of the magistrate judge also recommended that this court deny defendants' September 3, 1997 motion to dismiss, and exercise supplemental jurisdiction over plaintiff's state law claim brought pursuant to the MHCRA. This court finds that, though the question of whether the MHCRA applies to prisons is a novel issue of state law, the exercise of supplemental jurisdiction over the MHCRA claim in this case is nonetheless appropriate. The issue is ultimately one of relatively straightforward statutory interpretation for which this court is certainly equipped. Moreover, as noted by the magistrate judge, if this court were to determine that the MHCRA applies to prisons, the analysis of plaintiff's claims under state and federal law will be essentially the same. *See Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1178 n. 3 (6th Cir.1996); *Hamlin v. Charter Township of Flint*, 942 F.Supp. 1129, 1136 n. 14 (E.D.Mich.1996); *Sandison v. Michigan High Sch. Athletic Ass'n*, 863 F.Supp. 483, 487 (E.D.Mich.1994).

Accordingly, this court will accept the magistrate judge's recommendation, and exercise supplemental jurisdiction over plaintiff's state law claim.

### Conclusion

Therefore, it is hereby **ORDERED** that the magistrate judge's November 10, 1997 report and recommendation is **REJECTED in part and ACCEPTED in part** in accordance with the terms set forth in this opinion.

**IT IS FURTHER ORDERED** that defendants', Grayson, Gabry, and McGinnis, August 29, 1997 motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' September 3, 1997 motion to dismiss is **DENIED.**

**SO ORDERED.**