36 F.3d 536
 N.L. BUCKNER, Sr., Individually and as next friend of N.L.
Buckner, Jr., a minor; and Murphy Roland Silver, Jr.,
Individually and as administrator of the estate of George D.
Silver, deceased, Plaintiffs-Appellees,
v.
Stewart C. KILGORE, II, Defendant-Appellant,
The City of Greeneville, Tennessee, Defendant.
 No. 93-5833.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 11, 1994.
Decided Oct. 3, 1994.
Rehearing and Suggestion for Rehearing
En Banc Denied Nov. 21, 1994.
 
 1
 W. Gary Blackburn (argued and briefed), Blackburn & Slobey, Nashville, TN, Ben W. Hooper, III, Campbell & Hooper, Newport, TN, Laura T. Kidwell (briefed), Moore, Stout, Waddell & Ledford, Kingsport, TN, William O. Shults, Washington, DC, for N.L. Buckner, Sr., N.L. Buckner, Jr.
 
 
 2
 J. Patrick Ledford (argued and briefed), Laura T. Kidwell, Moore, Stout, Waddell & Ledford, Kingsport, TN, for Murphy Roland Silver, Jr.
 
 
 3
 Robert H. Watson, Jr. (briefed), Earl J. Melson (argued and briefed), Watson, Hollow & Reeves, Knoxville, TN, Rebecca L. Ottinger, Greeneville, TN, for Stewart C. Kilgore, II.
 
 
 4
 Before: JONES and BATCHELDER, Circuit Judges; and HOOD, District Judge.*
 
 
 5
 HOOD, District Judge.
 
 
 6
 The defendant-appellant, Stewart Kilgore, II [Kilgore], an officer of the Greeneville, Tennessee Police Department appeals the district court's denial of his motion for summary judgment based on the defense of qualified immunity in this action brought pursuant to 42 U.S.C. Sec. 1983. For the following reasons, we affirm.
 
 I.
 
 7
 This Sec. 1983 suit arises from a roadblock established by Kilgore. Two juveniles, N.L. Buckner, Jr. [Buckner] and George D. Silver [Silver], were injured when the motorcycle on which they were riding collided with Kilgore's police cruiser.
 
 
 8
 Around midnight on August 30, 1991, the plaintiffs drove Silver's stepfather's motorcycle to the Lil' Orange Market on the Highway 11-E bypass [the bypass] on state Highway 70 in Greeneville, Tennessee while intoxicated with alcohol and without helmets. The two boys were observed at the market by Greene County Deputy Sheriff Dale Dodds [Dodds]. Dodds radioed the Greeneville Police Department that he had seen two apparently intoxicated persons, not wearing helmets, on a motorcycle at the Lil' Orange Market. Kilgore proceeded to investigate the call.
 
 
 9
 As the boys left the market, another officer attempted to pull them over by activating his cruiser's blue lights. When Buckner and Silver failed to stop and proceeded to elude the police, a chase ensued up the two northbound lanes of the bypass. Buckner estimates that his speed reached as high as 100 miles per hour during the chase.
 
 
 10
 A third officer, Jeff Craft, observing that Silver and Buckner were not yielding to the pursuing officer's blue lights, alerted other units in the vicinity of the chase. Kilgore testified that after this call, he heard the motorcycle approaching at what seemed to be a high rate of speed. Kilgore responded by driving his police cruiser across the two southbound lanes of the bypass onto the median separating the four lane divided thoroughfare and then parked his seventeen foot long cruiser across the two northbound lanes on the bypass on which the boys were proceeding. It is undisputed that the width of the two northbound lanes of the bypass, including the shoulders, was 43.5 feet. Buckner and Silver hit Kilgore's cruiser shortly thereafter, apparently suffering severe and permanent injuries.[1]
 
 
 11
 The parties have contested the circumstances surrounding the collision, particularly the amount of time between Kilgore's placement of the cruiser across the two northbound lanes and the collision. The plaintiffs allege that Kilgore pulled across the northbound lanes, without his blue lights operating, just seconds prior to impact and thereby failed to give them enough time to either stop or go around the police cruiser safely. An eyewitness, unaffiliated with either of the parties, testified that Kilgore's cruiser was stopped for only approximately two seconds before the crash occurred. Another non-party witness testified that Kilgore's cruiser shot straight out from the Amoco station, across the median and then there was a flash--meaning the collision. Kilgore, on the other hand, professes a different version of events. Kilgore admitted in a juvenile proceeding, as well as in his deposition in this case, that he intended to either slow down or stop the boys by establishing the roadblock. He claims, however, that when he parked the cruiser, with the blue lights flashing, across the two northbound lanes, he had enough time to go around the cruiser and wave his flashlight in an attempt to stop the boys. Kilgore states that when he realized that the boys were not going to stop, he slid over the hood of the cruiser, got back in and was attempting to engage the car in reverse when the collision occurred. He further contends that his cruiser should have been visible for approximately 1,500 feet.
 
 
 12
 Silver and Buckner filed separate Sec. 1983 suits against Kilgore and the City of Greeneville, alleging that the defendants violated their Fourth Amendment right to be free from unreasonable search and seizures. After the actions were subsequently consolidated, Kilgore filed a motion for summary judgment, asserting qualified immunity, the absence of a seizure under the Fourth Amendment, and the absence of any contravention of a clearly established constitutional right. Upon consent of the parties, the matter was referred to United States Magistrate Judge Joe A. Tilson for disposition pursuant to 28 U.S.C. Sec. 636(c). The magistrate judge denied Kilgore's motion for summary judgment. Kilgore then brought this interlocutory appeal.
 
 II.
 
 13
 On appeal, Kilgore argues that the district court erred in denying his defense of qualified immunity. Kilgore contends (1) that the plaintiffs failed to state a claim under Sec. 1983 by presenting no evidence such that a reasonable jury could find that the plaintiffs were unreasonably seized within the meaning of the Fourth Amendment, and (2) even if Kilgore violated the plaintiffs' Fourth Amendment rights, he was entitled to qualified immunity because reasonable officers could have disagreed on the lawfulness of his conduct.
 
 
 14
 Government officials performing discretionary functions have qualified immunity shielding them from civil liability if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In Russo v. Cincinnati, 953 F.2d 1036, 1043 (6th Cir.1992), this Court found that when a defendant moves for summary judgment based on qualified immunity, a plaintiff must effectively pass two hurdles. First, the allegations must state a claim of the violation of clearly established law. Second, the plaintiff must present evidence sufficient to create a genuine issue as to whether the defendant in fact committed the acts that violated the law. Id. (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985)). Both questions are questions of law which are reviewed de novo. Tucker v. Callahan, 867 F.2d 909, 913-14 (6th Cir.1989); Dominque v. Telb, 831 F.2d 673, 677 (6th Cir.1987). In analyzing a claim of qualified immunity, a court must determine whether the defendant's alleged conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. at 818, 102 S.Ct. at 2738; Russo, 953 F.2d at 1038-40; Birrell v. Brown, 867 F.2d 956, 958 (6th Cir.1989). The burden is on the plaintiff to allege and prove that the defendant official violated a clearly established constitutional right. Tucker v. Callahan, 867 F.2d 909, 913-14 n. 3 (6th Cir.1989).
 
 
 15
 In inquiring whether a constitutional right is clearly established, this Court must look first to decisions of the Supreme Court, then to decisions of this Court and other courts within our circuit, and finally to decisions of other circuits. Cagle v. Gilley, 957 F.2d 1347, 1348 (6th Cir.1992). In the instant action, both the right to be free from unreasonable seizures, California v. Hodari, 499 U.S. 621, 624-25, 111 S.Ct. 1547, 1549-50, 113 L.Ed.2d 690 (1991), and to be free from the use of excessive force under the Fourth Amendment, Graham v. Connor, 490 U.S. 386, 392-93, 109 S.Ct. 1865, 1869-70, 104 L.Ed.2d 443 (1989), are clearly established. See Adams v. Metiva, 31 F.3d 375 (6th Cir.1994) (discussing the burden of proof in a motion for summary judgment based on the defense of qualified immunity in a Fourth Amendment case). Kilgore argues, however, that neither the Supreme Court nor this Court has determined whether the facts in the instant circumstances would constitute a violation of clearly established law. Buckner and Silver, on the other hand, contend that the defendant's actions are like those addressed by the Supreme Court in Brower v. County of Inyo, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989).
 
 
 16
 The magistrate judge, taking the plaintiffs' version of the facts, found no substantive difference from Brower, and accordingly denied Kilgore's defense of qualified immunity. In Brower, a fleeing car thief was killed when the vehicle he was driving crashed into a roadblock made up of an 18-wheel tractor-trailer positioned across both lanes of a two-lane highway behind a blind curve with police car lights positioned to blind the suspect as he came around the curve. The Supreme Court determined that a Fourth Amendment seizure occurs where the officer intentionally establishes a roadblock to stop a fleeing suspect and the suspect's freedom of movement is in fact terminated by the means intentionally applied by the officer--the roadblock. Therefore, nearly two years before the alleged seizure in this action, the right of a fleeing suspect to be free from unreasonable seizure by "deadman roadblocks" was clearly established under the teachings of Brower. Earlier, in 1985, the Supreme Court determined that an unarmed fleeing suspect has a constitutional right not to be apprehended by the use of deadly force unless there is probable cause to believe that the suspect poses a threat of serious physical injury either to the officer or to others. Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Keeping in mind these clearly established rights, summary judgment is inappropriate because, as shown above, there are contested issues of material fact in regard to Kilgore's actions in establishing the roadblock and the plaintiffs' opportunity to avoid injury. Adams, 31 F.3d at 387.
 
 
 17
 In Poe v. Haydon, 853 F.2d 418, 425 (6th Cir.1988), cert. denied, 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989), this Court examined the factual inquiry to be made in determining whether qualified immunity should be granted:
 
 
 18
 If the undisputed facts show that defendant's conduct, as a matter of law, did not violate clearly established legal rights, then the district court must grant the defendant summary judgment on the basis of qualified immunity (citation omitted).... On the other hand, summary judgment would not be appropriate if there is a factual dispute (i.e. a genuine issue of material fact) involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violated clearly established rights. (citation omitted). Summary judgment should also be denied if the undisputed facts show that the defendant's conduct did indeed violate clearly established rights. (citation omitted).
 
 
 19
 Id. at 426.
 
 
 20
 We hold that an officer violates a clearly established right under Brower if he pulls his squad car onto a highway with knowledge or reason to know that an approaching motorcyclist will not have time or the ability to stop or otherwise safely avoid collision with the car. In the instant action, there are genuine issues of material fact as to Kilgore's actions in establishing the roadblock. The plaintiffs have presented sufficient evidence to create genuine issues in regard to whether Kilgore conducted a roadblock that was likely to result in serious injury to the plaintiffs which would be objectively unreasonable under Brower. As there are genuine issues of fact regarding which version of the facts occurred, summary judgment based on qualified immunity would be inappropriate. Adams, 31 F.3d at 387 (holding that the defendants cannot prevail at the summary judgment stage if the plaintiffs can present a version of the facts that is supported by the evidence and under which the defendants would not be entitled to qualified immunity) (citing Hall v. Ryan, 957 F.2d 402, 404 (7th Cir.1992)); Walton v. City of Southfield, 995 F.2d 1331, 1336 (6th Cir.1993) (holding that if genuine issues of material fact exist as to whether the defendants actually did commit acts that would violate a clearly established right, then summary judgment on qualified immunity grounds is improper); Poe v. Haydon, 853 F.2d at 426.
 
 III.
 
 21
 Based on the foregoing, Magistrate Judge Tilson's decision denying qualified immunity is AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Silver died on December 28, 1993. There is no indication in the instant record that Silver's death was the result of the alleged injuries sustained from this accident