### William A. FERGUSON, Plaintiff,

v.

### Jeffrey T. HALL, Scott Smith, and the Township of Waterford, Defendants.

### Civ. A. No. 98–40118.

United States District Court, E.D. Michigan, Southern Division.

Jan. 28, 1999.

Arthur Andrew Garton, Warren, MI, for Plaintiff.

Cummings, McClorey, Davis & Acho, P.C. by T. Joseph Seward, Francis P. Dempsey, Livonia, MI, for Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART, DENYING IN PART AND HOLDING IN ABEYANCE IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Before the court is a motion by defendants Jeffrey T. Hall, Scott Smith and the Township of Waterford for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, this court will: (1) grant defendants' motion as it relates to the claims against Scott Smith; (2) deny defendants' motion as it relates to the claims against Jeffrey T. Hall; and (3) hold in abeyance defendants' motion as it relates to the claims against the Township of Waterford.

### Factual Background

On April 8, 1996, at approximately 11:15 p.m., plaintiff, William A. Ferguson, was driving his vehicle on Williams Lake Road in the Township of Waterford. Defendant Hall, an officer of the Waterford Township Police Department, observed plaintiff at that time and suspected that plaintiff was operating his vehicle under the influence of alcohol. Accordingly, Officer Hall effected an investigatory stop of plaintiff's vehicle. After performing a number of field sobriety tests, Officer Hall administered a preliminary breath test. The test showed that plaintiff had a .225 blood alcohol content.

Based on the results of the preliminary breath test, Officer Hall placed plaintiff under arrest for operating his vehicle under the influence of alcohol. Officer Hall requested that plaintiff place his hands behind his back to be handcuffed. Plaintiff then informed Officer Hall that he wished to be handcuffed in the front due to the fact that he had suffered a broken right arm the previous October. Plaintiff also allegedly showed Officer Hall his "deformed" right arm as proof of the validity of his request to be handcuffed in the front. Officer Hall denied plaintiff's request and allegedly "pulled" plaintiff's arms behind his back to handcuff him. Plaintiff contends that he felt his right arm break as he was being handcuffed. It is undisputed that, other than the handcuffing itself, there was no physical struggle between the parties during the course of the arrest. After plaintiff had been handcuffed, Officer Smith arrived on the scene.

The officers then took plaintiff to the Waterford Township Police station where plaintiff underwent two additional breath tests. The tests showed blood alcohol levels of .27 and .25. At that point, plaintiff demanded a blood test. Accordingly, plaintiff was taken to Pontiac Osteopathic Hospital. The attending physician who examined plaintiff ordered that an x-ray be taken of plaintiff's right arm. The x-ray confirmed that plaintiff's right arm was broken.

On April 1, 1998, plaintiff filed the instant action against defendants pursuant to 42

U.S.C. § 1983, alleging that defendants violated plaintiff's rights under the Fourth Amendment.[1] On December 8, 1998, defendants filed the instant motion for summary judgment.

## Discussion

### 1. Motion for summary judgment pursuant to Rule 56

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration*, 14 F.3d 1143,

1148 (6th Cir.1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland*, 988 F.2d 649 (6th Cir. 1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir. 1991).

### 2. Analysis

#### a. Plaintiff's claims against Officer Smith

This court notes at the outset that the parties have stipulated that Officer Smith did not arrive on the scene until after Officer

---

1. Plaintiff also asserted various state law claims which this court dismissed by order entered April 9, 1998.

Hall handcuffed plaintiff. Under the circumstances, plaintiff concedes that, pursuant to the holding in *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir.1990), Officer Smith is not liable to plaintiff under § 1983 as a matter of law. Accordingly, plaintiff has indicated, both in his brief and at oral argument, that he concurs in defendants' motion for summary judgment as the motion relates to the claims against Officer Smith. Therefore, this court will grant defendants' motion for summary judgment with respect to the claims against Officer Smith.

**b. Plaintiff's claims against Officer Hall**

Defendants claim that Officer Hall is entitled to qualified immunity, and this court must address the issue as a threshold question to liability.

 Government officials who perform discretionary functions are entitled to qualified immunity from civil suits for damages arising out of the performance of their official duties as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *See Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). A government official is not entitled to qualified immunity if his conduct results in the violation of a clearly established statutory or constitutional right of which a reasonable person would have known. *Id.* at 638–40, 107 S.Ct. 3034; *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

█ To withstand a motion for summary judgment based on a claim of qualified immunity in the Sixth Circuit, a plaintiff must establish two things. First, the plaintiff's allegations must state a claim of the violation of clearly established law. In determining whether a statutory or constitutional right is clearly established at the time of the actions in question, this court must first look to the decisions of the Supreme Court, then to the decisions of the Sixth Circuit and other courts of this circuit, and finally to the decisions of other circuits. *See Dickerson v. McClellan*, 101 F.3d 1151, 1158 (6th Cir. 1996); *Buckner v. Kilgore*, 36 F.3d 536, 539 (6th Cir.1994). A right is clearly established if "the contours of the right are sufficiently

clear such that a reasonable official would understand that what he is doing violates that right." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir.1992). As held by the Sixth Circuit, "[a]lthough it need not be the case that 'the very action in question has previously been held unlawful, ... in the light of pre-existing law the unlawfulness must be apparent.'" *Id.* (quoting *Anderson*, 483 U.S. at 640, 107 S.Ct. 3034).

Second, the plaintiff must present evidence sufficient to create a genuine issue of material fact as to whether the defendant in fact committed the acts that violated the law. *See Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir.1994). Summary judgment is inappropriate "if there is a genuine factual dispute relating to whether the defendants committed the acts that allegedly violated clearly established rights." *Dickerson*, 101 F.3d at 1158 (citing *Buckner*, 36 F.3d at 540).

With respect to the first element, defendants claim that, because there is no reported decision explicitly holding that citizens have a constitutional right to be handcuffed in the front of their bodies, there is no such clearly established right under the Fourth Amendment. Accordingly, defendants contend that it could not have been clearly established at the time of the events giving rise to plaintiff's complaint that the failure to handcuff plaintiff in front of his body was a violation of plaintiff's rights under the Fourth Amendment. In response, plaintiff correctly points out that the rule endorsed by the Supreme Court is not that "an official action is protected by qualified immunity unless the very action in question has been previously held unlawful ...." *Anderson*, 483 U.S. at 640, 107 S.Ct. 3034. Rather, the rule is that the unlawfulness must be readily apparent to the officer at the time of the incident. *Id.*

█ The Sixth Circuit has explicitly held that courts should "view an 'excessively forceful handcuffing' claim under the general excessive force rubric." *Martin v. Heideman*, 106 F.3d 1308, 1313 (6th Cir.1997); *see also Walton v. City of Southfield*, 995 F.2d 1331, 1342 (6th Cir.1993). As held by the Sixth Circuit in *Adams*, the right to be free from the use of excessive force under the

Fourth Amendment is a clearly established right. *See id.* at 386–87 (citing *Graham v. Connor,* 490 U.S. 386, 392–93, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Moreover, the Sixth Circuit explicitly held in *Martin* that clearly established law in 1991, more than five years prior to the incident from which this case arose, prohibited the use of excessive force while handcuffing a suspect during the course of an arrest. *See Martin,* 106 F.3d at 1313. Accordingly, plaintiff's claim that Officer Hall used excessive force by handcuffing plaintiff behind his back does state a claim for the violation of a clearly established right of which a reasonable person would have known at the time of the incident giving rise to this case. Therefore, plaintiff has satisfied the first element necessary to overcome a motion for summary judgment based on a claim of qualified immunity.

With respect to the second element, to overcome a claim of qualified immunity, plaintiff must present sufficient evidence that Officer Hall did, in fact, use excessive force in violation of plaintiff's rights under the Fourth Amendment. As the Supreme Court held in *Graham,* all claims that a police officer used excessive force in the course of an arrest, investigatory stop, or other "seizure" should be analyzed under the Fourth Amendment and its "reasonableness" standard. *See Graham,* 490 U.S. at 396, 109 S.Ct. 1865. The Court went on to note that:

> the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

*Id.* at 397, 109 S.Ct. 1865. At this point, this court notes that the requirement to overcome a motion for summary judgment based on a claim of qualified immunity and the requirement to overcome a motion for summary judgment with respect to the underlying Fourth Amendment violation merge. That is, in both instances, plaintiff is required to come forth with evidence sufficient to create a genuine issue of material fact as to whether the officer's conduct was objectively unrea-

sonable under the circumstances. *See Poe v. Haydon,* 853 F.2d 418, 426 (6th Cir.1988)(noting that a summary judgment based on a qualified immunity defense is not appropriate in a § 1983 action "if there is a factual dispute (i.e. a genuine issue of material fact) involving an issue on which the question of immunity turns").

On plaintiff's account of the facts, supported by substantial evidence, plaintiff did not display any loud, disruptive or dangerous behavior throughout the course of the investigatory stop and subsequent arrest. Plaintiff also alleges that he informed Officer Hall of his injury and showed Officer Hall his "deformed" arm in support of his request to be handcuffed in the front of his body. Plaintiff asserts that Officer Hall ignored these circumstances and forcibly "pulled" plaintiff's arms behind his back and handcuffed plaintiff with sufficient force to break plaintiff's arm. Accordingly, plaintiff contends that Officer Hall's conduct was not objectively reasonable under the circumstances.

Plaintiff relies heavily on *Walton,* a case in which the Sixth Circuit was faced with a claim of excessively forceful handcuffing similar to the claim brought by plaintiff in this case. In *Walton,* the plaintiff was driving home from her doctor's office, where she had been seeking treatment for a sore shoulder, when she was pulled over by the police. The police subsequently discovered that the plaintiff's driver's license had been suspended, and plaintiff was arrested. During the course of the arrest, the arresting officer handcuffed the plaintiff. According to the plaintiff, she had "begged" the officer not to handcuff her because of her injured shoulder. Under the circumstances of that case, the Sixth Circuit held that the plaintiff's testimony was sufficient to create a genuine issue of material fact as to whether the officer had used excessive force under the circumstances. Accordingly, the Sixth Circuit affirmed the district court's denial of qualified immunity to the arresting officer. *See Walton,* 995 F.2d at 1342.

Defendants make essentially two arguments in an attempt to distinguish *Walton* from this case. First, defendants argue that

the plaintiff's injury in *Walton* was current, while the plaintiff's injury in this case occurred six months prior to the incident giving rise to plaintiff's complaint. However, whether a police officer's conduct was objectively reasonable depends on the facts and circumstances actually confronting the officer at the time. The plaintiff in *Walton* had no more proof of a current injury than did plaintiff in this case. She merely stated that her shoulder was sore. In fact, plaintiff in this case has offered evidence that he clearly stated the nature of his injury and even showed Officer Hall his "deformed" arm. If believed, plaintiff's testimony arguably indicates that he offered more proof of a current condition than did the plaintiff in *Walton.* Accordingly, defendants' first attempt to distinguish *Walton* from this case is unavailing.

Second, defendants contend that Officer Hall took reasonable steps under the circumstances because some people tend to become combative when under the influence of alcohol. Defendants assert that Officer Hall's legitimate concern for his own safety resulted in his decision to deny plaintiff's request to be handcuffed in the front. While defendants are no doubt correct that some people may become combative while under the influence of alcohol, there is no evidence to suggest that plaintiff acted in a violent or combative manner at any point during the investigatory stop or subsequent arrest. Under those circumstances, it is not clear whether Officer Hall's alleged concern for his own safety would render reasonable his decision to deny plaintiff's request to be handcuffed in the front. Accordingly, this court also rejects defendants second attempt to distinguish *Walton* from this case.

■ Given the facts and circumstances of this case, as well as the Sixth Circuit's holding in *Walton,* this court finds that plaintiff has established a *genuine issue of material fact* as to whether Officer Hall's actions were objectively reasonable. Accordingly, this court will reject Officer Hall's claim of qualified immunity and deny defendants' motion for summary judgment as the motion relates to the claims against Officer Hall.

### c. Plaintiff's claims against the Township of Waterford

It is well-settled that municipalities may not be subjected to liability under § 1983 merely on the basis of respondeat superior. *See Monell v. Department of Soc. Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, local governments may only be sued for damages under § 1983 when:

> the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officer. Moreover, ... local governments ... may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's decision making channels.

*Id.* at 690–91, 98 S.Ct. 2018. In other words, the action complained of must "fairly be said to represent the official policy [of the municipality]." *Id.* at 694, 98 S.Ct. 2018. In addition, the challenged policy must be the "moving force" behind the constitutional deprivation. *See Searcy v. City of Dayton,* 38 F.3d 282, 287 (6th Cir.1994).

As this court indicated, and plaintiff acknowledged, at oral argument, there is *considerable* doubt as to whether plaintiff will be able to make out a claim against the Township in this case. However, discovery in this case is not set to close until March 31, 1999. Plaintiff has asked this court to hold defendants' motion for summary judgment, as it relates to plaintiff's claims against the Township, in abeyance until the close of discovery so that plaintiff may "fully develop" its case against the Township.

■ This court finds that it is appropriate to allow plaintiff to conduct full discovery according to the schedule imposed by this court. Accordingly, this court will hold defendants' motion for summary judgment in abeyance, as the motion relates to plaintiff's claims against the Township of Waterford, until the close of discovery.

**Conclusion**

This court having reviewed the submissions of the parties, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment as it relates to plaintiff's claims against Officer Scott Smith is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment as it relates to plaintiff's claims against Officer Jeffrey T. Hall is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment as it relates to plaintiff's claims against the Township of Waterford is **HELD IN ABEYANCE** pending the close of discovery in this case.

**SO ORDERED.**