**Tyrone CAMPBELL, Plaintiff,**

v.

**ERIE TOWNSHIP, Monroe County, Michigan, Monroe County Sheriff's Dept., Erie Township Police Dept., John Potts, Chief of Erie Township Police Dept., Officer William Hines, Deputy Randy Rosenberger, Deputy Dan Bailey, Deputy Velliquette, and Trooper David Meyer, Michigan State Police, Defendants.**

Civil No. 99–40503.

United States District Court, E.D. Michigan, Southern Division.

March 7, 2001.

Gerald J. Briskin, Leslie Nearpass, Nearpass & Hudson, Monroe, MI, for planitiff.

S. Randall Field, Johnson, Rosati, Farmington Hills, MI, John W. Martin, Jr., Plunkett & Cooney, Detroit, MI, Margaret A. Nelson, Michigan Dept. of Attorney General, Tort Defense Division, Lansing, MI, for defendants

### ORDER

GADOLA, District Judge.

Before the Court is Defendant David Meyer's motion to dismiss parts of Plaintiff's claims for lack of jurisdiction and motion for summary judgment [docket entry 68]. Also before the Court is the motion for summary judgment of Defendants Erie Township Police Department, John Potts,[1] William Hines, and Erie Township [docket entry 66]. The Court held a hearing in open Court on these motions on February 21, 2001. For reasons stated below, the Court grants Defendant Meyer's motion for summary judgment and grants in part and denies in part the motion of the other movants.

### I  BACKGROUND

Plaintiff is Tyrone Campbell, a motorist whom police stopped for a moving violation and took into custody on December 12, 1997. Defendants before the Court today are Erie Township, the Erie Township Police Department, Erie Township Chief of Police John Potts, Officer William Hines, and State Trooper David Meyer.

Officer William Hines and Deputy Randy Rosenberger stopped Plaintiff's automobile on December 12, 1997 after what Plaintiff describes as a "slow speed chase" (Pl.Br. A[2] at 1) but Defendants, and a jury, have characterized as "fleeing and eluding" police (Def.Br. A[3] at 1). As the parties agreed during the hearing, Plaintiff was under the influence of alcohol when stopped.

After the stop, Plaintiff claims that he sustained injuries from Defendants' unreasonable seizure of him. He asserts the following counts: (I) violation of 42 U.S.C. § 1983 through excessive force, against Defendant officers; (II) initiation and pursuit of prosecution in violation of 42 U.S.C. § 1983 without probable cause, against the individual officers; (III) violation of 42 U.S.C. § 1983, against Monroe County, Erie Township, Monroe County Sheriff's Department, and the Erie Township Police Department; (IV) conspiracy to violate Plaintiff's civil rights in violation of 42 U.S.C. § 1985; and (V) failure to intercede on Plaintiff's behalf in violation of 42 U.S.C. § 1983, against Trooper Meyer.

Each Defendant police officer is sued in both individual and official capacities, except for Defendant Potts. (First Amended Complaint at ¶¶ 1–13.)

### II  LEGAL STANDARD

The Court will grant a motion for summary judgment if the evidence demonstrates that there is no genuine issue as to any material fact, and that the movants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must read the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. See Smith v. Hudson, 600 F.2d 60, 63 (6th

---

1. During the hearing, Plaintiff stipulated that Defendant Potts should be withdrawn from the complaint. The Court dismisses all claims against Defendant Potts on that ground.

2. "Pl.Br. A" refers to Plaintiff's response brief filed on January 18, 2001 [docket entry 71].

3. "Def.Br. A" refers to "Defendants, Erie Township, Eire [sic] Township Police Department, Erie Township Police Chief John Potts and Williams Hines's brief in support of motion for summary judgment" filed December 29, 2000 [docket entry 66].

Cir.1979). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The Court's function is not to weigh the evidence and determine the truth of the matters asserted, "but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. 2505. The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

## III ANALYSIS

### A. Defendant David Meyer

Defendant Meyer maintains that the only claim against him is count V, failure to intervene. Plaintiff argues that Defendant Meyer is also included in counts I and II because he is covered by the term "defendant officers."

Defendant Meyer could not possibly have been a party to the violation alleged in count I, the use of excessive force, because Plaintiff stated at the hearing that Defendant Meyer did not use force against Plaintiff. To the extent that Defendant Meyer is implicated in count I, the Court awards summary judgment in his favor as to that claim.

The Court grants summary judgment as to all moving Defendants as to Count II, for reasons discussed *infra.* That leaves count V.

Defendant Meyer moves for dismissal of count V to the extent it alleges liability grounded in his official capacity on the ground that it is barred by the Eleventh Amendment. He moves for summary judgment as to count V on the ground that the undisputed facts show that he was not on the scene when Plaintiff was allegedly

injured, and thus could not possibly have intervened on Plaintiff's behalf.

Defendant Meyer asserts that the Eleventh Amendment grants him immunity, in his official capacity, for the allegations at bar. As an employee of the state, the argument goes, suits against his official capacity are barred. (Def.Br. B[4] at 3.)

■ Defendant is correct. The Court, in fact, dismisses all claims against the police officers in their official capacities because "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell[v. Dept. of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611(1978)] ... local government units can sued directly...." *Kentucky v. Graham,* 473 U.S. 159, 166 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

■ Regarding Defendant Meyer's argument for summary judgment, a policeman has a duty to intercede on behalf of a person whose constitutional rights are being violated by another officer. *O'Neill v. Krzeminski,* 839 F.2d 9, 11 (2d Cir.1988). An officer who fails to do so may be liable for nonfeasance. *See, e.g., Bruner v. Dunaway,* 684 F.2d 422, 426 (6th Cir.1982). Before such liability may attach, however, the officer must have a "realistic opportunity" to prevent the unconstitutional use of force. *Thompson v. Boggs,* 33 F.3d 847, 857 (7th Cir.1994).

Defendant Meyer argues that all evidence points to the conclusion that he was absent from the scene until after Plaintiff suffered any alleged force, and that Defendant Meyer is thus entitled to summary judgment as to count V. (Def.Br. B at 3–5.)

Plaintiff responds by pointing to affidavits from eyewitnesses who state that they saw a state police cruiser at the scene while other officers allegedly used force against Plaintiff. (Pl.Br. B[5] at 4–5.)

---

4. "Def.Br. B" refers to "Defendant David Meyer's brief in support of motion to dismiss portions of the complaint and for summary judgment," filed on January 3, 2001 [docket entry 68].

5. "Pl.Br. B." refers to Plaintiff's response brief to Defendant Meyer's motion, filed on January 23, 2001 [docket entry 74].

Plaintiff admits, however, that no "no witness saw Meyer on foot during the incident...." (Pl.Br. B at 5–6.) In fact, Plaintiff does not allege that any witness positively identified Defendant Meyer at all during the alleged incident.

■ The Court therefore concludes that there is no genuine issue of material fact regarding count V. Because Plaintiff can point to no witness, or any other piece of evidence, showing that Officer Meyer personally was in a position to intercede on Plaintiff's behalf to stop an alleged beating, no reasonable jury could find for Plaintiff on count V. The Court therefore grants Defendant Meyer summary judgment as to count V and dismisses Defendant Meyer from this suit.

### B. Defendant Erie Township Police Department

■ The Court dismisses all claims against Defendant Erie Township Police Department because it is not a legal entity amenable to suit. *See Dean v. Landrum,* 221 F.3d 1334, No. 99–6189, 2000 WL 922862, at *1 (6th Cir. June 27, 2000); *Harris v. Williams,* No. 94 CV 73948, 1995 WL 871191, at *1 (E.D.Mich. Aug.16, 1995) (citing cases).

### C. Defendants Erie Township and Officer Hines

Defendants Erie Township and Officer Hines ("remaining movants") argue first that "Plaintiff's Fourth Amendment claims must be dismissed because probable cause existed in support of the officers' conduct." (Def.Br. A. at 2.) Regardless of the existence of probable cause, police do not have "carte blanche to respond as they please to criminal behavior." *Donovan v. Thames,* 105 F.3d 291, 297 (6th Cir.1997). Mercifully, the remaining movants abandoned this line of argument at the hearing.

Remaining movants' second contention is related to count II, which alleges that Erie Township and Officer Hines initiated and pursued prosecution without probable cause. Specifically, Defendants maintain that "Plaintiff's claims for substantive due process pursuant to the Fifth and Fourteenth Amendments must be dismissed." (Def.Br. A. at 3–4.) Defendants argue that malicious prosecution is not an injury of constitutional dimension and that, moreover, Plaintiff has adduced no facts that would support a claim of malicious prosecution.

. Indeed, Plaintiff has pointed to no evidence that would support a claim of malicious prosecution. The Court therefore grants summary judgment to Erie Township and Officer Hines as to count II.

Remaining movants' third argument is that Plaintiff's claim for cruel and unusual punishment should be dismissed because Plaintiff was not a post-trial prisoner. (Def.Br. A at 4–5.) Plaintiff agrees. (Pl. Br. A at 5.) To whatever extent Plaintiff asserted a cause of action for cruel and unusual punishment, therefore, that claim is dismissed.

Remaining movants' fourth contention is that they are protected by qualified immunity. The standard for qualified immunity vis-a-vis a summary-judgment motion is as follows.

■ Government officials who perform discretionary functions are entitled to qualified immunity from civil suits for damages arising out of the performance of their official duties as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *See Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) A government official is not entitled to qualified immunity if his conduct results in the violation of a clearly established statutory or constitutional right of which a reasonable person would have known. *Id.* at 638–40, 107 S.Ct. 3034; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

■ To withstand a motion for summary judgment based on a claim of qualified immunity in the Sixth Circuit, a plaintiff must establish two things. First, the plaintiff's allegations must state a claim of

the violation of clearly established law. In determining whether a statutory or constitutional right is clearly established at the time of the actions in question, this court must first look to the decisions of the Supreme Court, then to the decisions of the Sixth Circuit and other courts of this circuit, and finally to the decisions of other circuits. *See Dickerson v. McClellan,* 101 F.3d 1151, 1158 (6th Cir.1996); *Buckner v. Kilgore,* 36 F.3d 536, 539 (6th Cir.1994). A right is clearly established if "the contours of the right are sufficiently clear such that a reasonable official would understand that what he is doing violates that right." *Russo v. City of Cincinnati,* 953 F.2d 1036, 1042 (6th Cir.1992). As held by the Sixth Circuit, "[a]lthough it need not be the case that 'the very action in question has previously been held unlawful, ... in the light of pre-existing law the unlawfulness must be apparent.'" *Id.* (quoting *Anderson,* 483 U.S. at 640, 107 S.Ct. 3034).

Second, the plaintiff must present evidence sufficient to create a genuine issue of material fact as to whether the defendant in fact committed the acts that violated the law. *See Adams v. Metiva,* 31 F.3d 375, 386 (6th Cir.1994). Summary judgment is inappropriate "if there is a genuine factual dispute relating to whether the defendants committed the acts that allegedly violated clearly established rights." *Dickerson,* 101 F.3d at 1158 (citing *Buckner,* 36 F.3d at 540).

■ At the hearing, Defendants abandoned the argument of qualified immunity vis-a-vis the claim of excessive force. The Court therefore examines this contention as it applies to Plaintiff's other surviving causes of action. Those claims are: count III, violation of 42 U.S.C. § 1983 and count IV, conspiracy to violate Plaintiff's civil rights in violation of 42 U.S.C. § 1985. Regarding the latter, freedom from a governmental conspiracy to violate one's civil rights is a clearly established right. *See Windsor v. Tennessean,* 719 F.2d 155, 165 (6th Cir.1983); *Klupt v. City of Chicago,* No. 88 C 7528, 1991 WL 136003, at *7 (N.D.Ill. July 17, 1991).

■ As to the former count, Erie Township stands accused of failing to properly supervise and train its policemen's use of force. (First Amended Complaint at ¶¶ 36–40). It is a clearly established right to be free of such governmental misconduct, assuming that the police are indeed liable for using excessive force. *See Friedman v. City of Overland,* 935 F.Supp. 1015, 1018 (E.D.Mis. Aug. 23, 1996).

Turning to the second prong of analysis, the Court inquires as to whether there is a genuine issue of material fact as to whether Erie Township or Officer Hines violated these clearly-established rights.

As to count III, nothing in Plaintiff's brief points to evidence from which a reasonable jury could conclude that Erie Township failed to properly supervise or train its officers. The Court therefore concludes that there is no genuine issue of material fact as to count III, and grants summary judgment to Erie Township as to that count.

■ Regarding the conspiracy claim of count IV, there is no genuine issue of material fact. Plaintiff attempts to create such an issue, suggesting that all of the exhibits accompanying its response show that Defendants acted in concert, or conspired, to violate Plaintiff's rights. (Pl.Br. A. at 9–10.) This is not good enough. A blanket assertion that the record supports a cause of action, without any citation to that record, cannot create an issue of material fact sufficient to defeat a motion for summary judgment. *See Wilson v. Elko County Sch. Dist.,* 221 F.3d 1350, No. 99–15032, 2000 WL 623136, at *2 (9th Cir. May 15, 2000) (reasoning that a plaintiff's failure to cite evidence was sufficient to support the granting of summary judgment). Here, Plaintiff has failed to point to evidence from which a reasonable jury could conclude that Erie Township or Officer Hines conspired to violate his rights. The Court thus grants Erie Township and Officer Hines summary judgment as to this claim on the ground that they enjoy

qualified immunity against this cause of action.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Meyer is granted summary judgment as to all counts against him;

**IT IS FURTHER ORDERED** that all claims against Defendant Meyers and Hines in their official capacities are dismissed;

**IT IS FURTHER ORDERED** that any counts against Defendant Erie Township Police Department are dismissed;

**IT IS FURTHER ORDERED** that any counts against Defendant Police Chief Potts are dismissed;

**IT IS FURTHER ORDERED** that summary judgment is granted to Officer Hines as to count II, initiation and pursuit of prosecution in violation of 42 U.S.C. § 1983 without probable cause;

**IT IS FURTHER ORDERED** that summary judgment is granted to Erie Township as to count III, violation of 42 U.S.C. § 1983;

**IT IS FURTHER ORDERED** that summary judgment is granted to Erie Township and Officer Hines as to count IV, conspiracy to violate Plaintiff's civil rights in violation of 42 U.S.C. § 1985;

**IT IS FURTHER ORDERED** that the Court denies summary judgment to Officer Hines as to count I, violation of 42 U.S.C. § 1983 through excessive force.

**SO ORDERED.**